1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    PAUL C. BOLIN,                          Case No.  2:25-cv-1552-JDP (P)

12                  Petitioner,

13           v.                               ORDER; FINDINGS AND
                                              RECOMMENDATIONS
14    JOLIE LIPSIG, *et al.*,

15                  Respondents.

16

17

18           Petitioner, a state prisoner, brings this action under section 2254.  In my previous

19    screening order, I found that the petition failed to state a federal habeas claim insofar as it did not

20    allege any substantive attack on the underlying conviction and, instead, impermissibly sought a

21    writ of mandamus.  ECF No. 7 at 1.  I offered petitioner a chance to file an amended petition, and

22    he has responded by filing what he presents as a section 1983 action.  ECF No. 8.  Changing the

23    type of action was not contemplated by my order, and, in any event, the complaint fails to state

24    any cognizable or comprehensible claim.  Accordingly, I now recommend that this action be

25    dismissed.

26           The petition is before me for preliminary review under Rule 4 of the Rules Governing

27    Section 2254 Cases.  Under Rule 4, the judge assigned to the habeas proceeding must examine

28

                                                1

1   the habeas petition and order a response to the petition unless it "plainly appears" that the

2   petitioner is not entitled to relief.  *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019);

3   *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

4         Petitioner has filed what he indicates is a section 1983 complaint.  ECF No. 8.  As an

5   initial matter, I did not offer him the chance to convert this action from one for habeas corpus and

6   the filing fee for a section 1983 action is substantially higher than the one for a habeas action (to

7   which petitioner's granted application to proceed *in forma pauperis* attached).  Moreover, the

8   complaint is deficient.  Only four of its pages contain substantive pleading, the remainder is

9   comprised of various exhibits.  *Id.* at 5-40.  The essence of petitioner's claim, as best I can tell, is

10  that the California Supreme Court denied him the opportunity to represent himself *pro se* and that

11  those attorneys who are representing him are doing so falsely.  *Id.* at 1-4.  These arguments

12  implicate the functions and ongoing proceedings of the California state court system, with which

13  this court will not interfere.  *See Younger v. Harris*, 401 U.S. 37, 45 (1971); *see also Elliott v.*

14  *Benedetti*, No. 3:09-cv-00265-LRH-RAM, 2011 U.S. Dist. LEXIS 36581, *10 (D. Nev. Mar. 30,

15  2011) ("Petitioner had no right to submit *pro se* papers on the represented direct appeal, and he

16  further had no right to insist that his appellate counsel follow his direction as to the issues to be

17  raised and the manner in which they were to be raised on appeal.").

18        I have already afforded petitioner an opportunity to amend, and he is no closer to stating a

19  cognizable claim.  I now recommend that this action be dismissed.

20        It is ORDERED that the Clerk of Court shall assign a district judge to this action.

21        Further, it is RECOMMENDED that the amended petition, ECF No. 8, be DISMISSED

22  without leave to amend.

23        These findings and recommendations are submitted to the United States District Judge

24  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of

25  service of these findings and recommendations, any party may file written objections with the

26  court and serve a copy on all parties.  Any such document should be captioned "Objections to

27  Magistrate Judge's Findings and Recommendations," and any response shall be served and filed

28  within fourteen days of service of the objections.  The parties are advised that failure to file

objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    September 5, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE