UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL C. BOLIN, | Case No. 2:25-cv-1552-DJC-JDP (P) |
| Petitioner, | ORDER; FINDINGS AND RECOMMENDATIONS |
| v. | |
| JOLIE LIPSIG, *et al.*, | |
| Respondents. | |

On September 5, 2025, I recommended that petitioner's first amended petition, ECF No. 8, be dismissed without leave to amend. ECF No. 9. I found that petitioner's claim, that defendant attorneys were falsely representing him and that the California Supreme Court had denied him the opportunity to proceed *pro se*, was not a cognizable habeas or section 1983 claim. I noted that the abstention doctrine in *Younger v. Harris*, 401 U.S. 37, 45 (1971), precluded this court's interference with state court proceedings. I recommended that the action be dismissed, and petitioner filed objections, ECF No. 10. After review of those objections, I withdraw the previous recommendations and substitute the ones that follow.

In his objections, petitioner argues that the court has misconstrued both his current and initial filing as a habeas matter and that he intended to seek only correction of the "false representation" undertaken by defendants, especially Lipsig. *Id.* at 3. At bottom, this claim fails regardless of what theory it is pursued under, because even if it were construed as a section 1983

1

claim, the defendants named would not be viable. "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 454 U.S. 312, 318 (1981). And, to the extent petitioner alleges that any of the defendants were not employed or acting on behalf of the public defender, private attorneys are not state actors subject to suit under section 1983. *See Wood v. Cnty. of Contra Costa*, No. 21-16183, 2022 U.S. App. LEXIS 23961, *1 (9th Cir. 2022) ("The district court properly dismissed plaintiffs' claims against defendant Carey because an attorney is not a state actor under § 1983.").

Accordingly, it is ORDERED that the findings and recommendations at ECF No. 9 are VACATED and withdrawn. The ones in this filing are substituted, and it is RECOMMENDED that the amended petition, ECF No. 8, construed now as a section 1983 action, be DISMISSED without leave to amend for failure to name a viable defendant.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   October 7, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE